CHARLES F. HANSON, AS TRUSTEE v. JOHN M. SHANK.[1]

May 2, 1924.

No. 24,000.

**When trustee in bankruptcy can recover payment from bankrupt's creditor.**
    1. If a creditor who receives a payment within four months before his debtor is adjudged a bankrupt had reasonable cause to believe that such payment would operate as a preference, it may be recovered by the trustee in bankruptcy.

**How to prove that creditor had reasonable cause to believe he was obtaining a preference.**
    2. To establish that the creditor had a reasonable cause for such a belief, it is necessary to show that he was chargeable with notice that the debtor was insolvent.

**When creditor is chargeable with notice of debtor's insolvency.**
    3. Where a creditor knows facts which would put an ordinarily prudent man upon inquiry as to his debtor's solvency, he is chargeable with knowledge of the facts which a reasonably diligent inquiry would have disclosed.

**Defendant was chargeable with notice of his debtor's insolvency.**
    4. The facts known to defendant were sufficient to charge him with knowledge that his debtor was insolvent, and with having reasonable cause to believe that the payment received would operate as a preference.

Action in the district court for Hennepin county to recover $459.06. The case was tried before Leary, J., who denied a motion for a directed verdict made by each party, and a jury which returned a verdict in favor of defendant. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Reversed.

*Alva R. Hunt*, for appellant.
*Joss, Ohman, Fryberger & Parker*, for respondent.

[1]Reported in 198 N. W. 804.

Taylor, C.

Plaintiff as trustee of the estate of Jennie S. Rodange, a bankrupt, brought this action to recover the sum of $459.06 paid by her to defendant less than 4 months before she was adjudged a bankrupt, and asserts that defendant, at the time he obtained this payment, had reasonable cause to believe that it would give him a preference over other creditors.

Defendant is a wholesale dealer in millinery goods in the city of Minneapolis. Mrs. Rodange conducted a millinery shop in the city of Litchfield. In February, 1921, she purchased a bill of goods from defendant at his place of business in Minneapolis and gave him 3 post-dated checks to apply on the purchase price: One for $50 dated March 1; another for $100 dated March 19; and a third for $125 dated April 2, 1921. Before shipping the goods, defendant sent an inquiry concerning the checks to the Litchfield bank on which they were drawn. What information he received is not disclosed, but he shipped the goods. On March 1, he deposited the first check in a Minneapolis bank. Three days later it was returned protested for nonpayment. On March 19, he deposited the second check. This was also returned protested for nonpayment. He did not deposit the third check. On July 4, 1921, Mrs. Rodange lost her entire stock of goods by fire. She collected insurance thereon in the sum of $1,472.85, which was deposited in the Litchfield bank on August 3, 1921. On this day or the next defendant drove to Litchfield and without seeing Mrs. Rodange placed his claim in the hands of an attorney at that place for collection. The attorney at once garnisheed the bank. He then presented the 3 checks and the bank paid them. Shortly thereafter he obtained a fourth check from Mrs. Rodange for the balance of the claim which the bank also paid. He then released the garnishment. That Mrs. Rodange was hopelessly insolvent at the time these payments were made; that they were made less than 4 months before she was adjudged a bankrupt; and that they operated to give defendant a preference is beyond question. If defendant had reasonable cause to believe, at the time he received those payments, that they would have the effect of giving him a preference, the trustee is entitled to recover them under the

provisions of the bankruptcy law. Galbraith v. Whitaker, 119 Minn. 447, 138 N. W. 772, 43 L. R. A. (N. S.) 427.

Plaintiff asked the court to direct a verdict in his favor. The court denied this motion and submitted to the jury the question whether defendant had reasonable cause to believe that these payments would give him a preference. The jury found for defendant. Whether the evidence made this question a question of fact for the jury, as claimed by defendant, or of law for the court, as claimed by plaintiff, is the only question presented.

In order to avoid a payment or transfer on the ground that the creditor had reasonable cause to believe that it would operate as a preference, it must appear that he was chargeable with notice that the debtor was insolvent. The evidence must go further than merely to disclose a suspicion that the debtor was insolvent, but need not go to the extent of showing actual knowledge that he was insolvent. Showing that the creditor had knowledge of facts sufficient to put an ordinarily prudent man upon inquiry as to his debtor's solvency, is sufficient to charge him with knowledge of the fact which such inquiry would naturally have disclosed if pursued with reasonable diligence. Galbraith v. Whitaker, 119 Minn. 447, 138 N. W. 772, 43 L. R. A. (N. S.) 427, and the numerous cases cited in the note found in 16 Ann. Cas. 826.

The facts are undisputed. Defendant held 3 post-dated checks. Post-dating them indicated a lack of ready cash. When the time for payment arrived they were dishonored. Some 4 months later, defendant took them to Litchfield and turned them over to an attorney for collection. He states that before going to Litchfield he had learned of the fire and also that Mrs. Rodange had insurance, but did not know the extent of the loss nor the amount of the insurance. He also states, in substance, that he knew nothing concerning her property or the amounts she owed, and that he made no attempt to see her, and made no inquiries of any sort concerning her financial condition. She then owed between $2,500 and $3,000. She had lost her entire stock, and possessed no property and had no money except this sum of $1,472.85, which she had received from the insurance company and placed in the bank. It seems obvious that a slight

inquiry would have disclosed that she was insolvent. Whether a creditor has cause to believe that his debtor is insolvent is ordinarily a question for the jury. Here, however, the facts are undisputed, and we deem it beyond question that the facts known to defendant, according to his own statement, were sufficient to put him upon inquiry, and to charge him with notice of the facts which a reasonable inquiry would have disclosed. And the unquestioned facts will not permit us to doubt that, if he had made any proper inquiry as to the financial situation of his debtor, he would have learned that her liabilities largely exceeded her assets.

If the lien which defendant acquired by garnisheeing the bank had not been voluntarily released, it would have been discharged and annulled, under section 67f of the bankruptcy law, by the adjudication in bankruptcy less than 4 months after the garnishment. 3 R. C. L. 290. If he had prosecuted his action to judgment and obtained payment thereunder, he would not be permitted to retain it; so that the fact that he obtained the payment in question by means of the garnishment does not improve his position from a legal standpoint.

We are of opinion that the admitted facts known to defendant were, under the circumstances, sufficient to charge him with knowledge of the insolvency of his debtor at the time of the payment, and that the court should have directed a verdict for the plaintiff.

Order reversed and the court will render judgment for plaintiff.